*238 OPINIO N of the Court, by
Ch. J. Boyle
This ⅛ a wrjt 0|- crror ⅜0 a judgment in an action for freedom, On the trial in the court below two bills oí exception were taken by the plaintiff. The first in substance states, tjlat jjjg defendant relied on bis possession- of the plain-tíix as a slave ironx the year 1789- or 90, and on tae presumption of slavery arising out of the c'/llor oí the phhitiff, as sufficient evidence of title in him to put the plaintiff on the proof of his right to freedom ; that the plaintiff objected to the sufficiency of this evidence, an(j prayecj for the instruction of the court on the point, ‘ r . . , . ■ . , but that the court were oí opinion that the evidence «>as sufficient, and refused to give the instruction. The ¡,tcont} (,⅞ of exceptions states, that the plaintiff the® proved that m the year 17895. he was brought as a slave *239 Into the then district, now state of Kentucky, from Ae state of Bela ware, where he had before his removal (as was proven fay the defendant) been held as a slave ; and there being no pros!' of the legality of the slavery in Delaware, nor any law of that state shewn which authorises slavery, that he mcv<d the court to instruct the jury that the evidence on the part of ¡he defenderá was not sufficient to suppoi t his title, but the court refused to give the instruction.
A man of hr brought from Delaware preiumed a slave unlefs It is proved that the laws of that ftate fmce the .;, revolution,have • abolished slave-
Two questions are presented by this case~lst, Whether color and possession afford such a presumption of slavery as to throw the burthen of proof upon the person claiming right to freedom ; and 2dly, ii so, whether that presumption is destroyed by the removal of the •plaintiff from the state of Delaware, there being no law of that state sluwn authorising slavery.
The first question admits of but little doubt. Evidence, whether written or oral, is either positive or presumptive. Positive evidence is the direct proof cf the fact or point in issue : presumptive evidence consists in the proof of some other factor facts, from which the point in issue may be infered. The strength of the presumption is always in proportion to the frequency of the connection between the fact to be infered and that which is proven. If the connection be found by-experience and observation to be invariable in all instances, the presumption is what inlaw is denominated violent, and is equal to full proof. If the connection be general, not universal, the inference of the existence of the one from the proof of the other,though rational, is not necessary, and the presumption amounts to a probable one only. But it experience shews that the fact intended to be infered is as often or oftener disjoined than it is connected with that which is proven, the proof of the latter creates no presumption of the existence of Ae former.
Upon these principles depends the solution oi the question now under consideration. •
From the earliest periods of the settlement of Virginia until the year 1778, persons of the African race imported into this country were made slaves, and their descendants in the maternal line have ever since been continued by law to be subject to slavery, unless they ítaye acquired freedom by emancipation. Those who *240 voluntarily migrated at any time, and those who have been iropórted since 1/78, and their descendants in the maternal line, are not by law slaves ; but it is believed it there are any such they are very few, and when added to,those who have acquired freedom by emancipation, constitute but a small portion of the aggregate number of the African race which we have amongst ut. in a great majority of instances, therefore, the characteristic marks of the African are found to be connected with slavery, and the existence of the latter may well be infered from the proof of the former. Color being one of the criteria by which the African race is distinguished from the rest oídle population of the country, must consequently afford (especially when accompanied, as in this case, with possession as a slave for a period of 18 or 20 years) a presumption of slavery upon which the master may rely until the contrary is provea.
The second question admits of considerable doubt; we are however disposed to think it must be decided in, the negative.
The position that the presumption of slavery which would otherwise attach to a person ol the African race, is destroyed by proving that he was removed from a sister state, is founded upon the idea that the courts of this state are not authorised judicially to know what the laws of another state are, unless they be proven. However correct this proposition may be m general, it seems necessary that it should be understood with some restrictions and that ;t is not applicable to the laws au-thorising slavery.
Slavery, it is believed, was originally introduced into the colonies by a regulation of the mother country, of which the courts in all the colonies were equally hound to take notice, in the same manner as the courts of the several states are now bound to take notice of any regulation of the general government of the United States ; and what the courts of the colonies were then bound to take notice of judicially, we must still be presumed to know, if not as matter of law, at least as matter of history. It was indeed conceded in argument by one oi the counsel for the plaintiff, that we might judicially take notice that the laws of the colonies authorized slavery prior to the revolution, but it was contended that by the revolution, all the laws of the colonies were ¾⅛® *241 facto abolished, and that slavery can exist de jure in no state where since that event laws have not been enacted to authorise it. This position, in the latitude contended for, cannot be admitted to be correct. It is unquestionably trae with respect to those laws which may be properly denominated political, those which related to the organization of their governments and which prescribed the powers and duties of the public functionaries. But those laws which, guaranteed private property and which regarded the relations and duties of husband and wife, parent and child, and master and servant, were not affected by the revolution ; these must be considered as remaining the same now as they were prior to the revolution, unless they are shewn to have been changed or repealed by su'sequent legislative acts. As therefore in the state ,.f Delaware we must presume that the law tolerates slavery, inasmuch as that was the case before the revolution, the presumption of slavery which attaches to the plaintiff is not destroyed by proof of his removal from that state.--judgment affirmed, &c.